UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Scott E. Pelkey, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:19-cv-11479-IT |
| | * |
| Andrew M. Saul, Commissioner of the | * |
| Social Security Administration, | * |
| | * |
| Defendant. | * |

Order

May 14, 2021

TALWANI, D.J.

On *de novo* review of the Objection to Report and Recommendation ("Objection") [#51] by Defendant Commissioner of the Social Security Administration (the "Commissioner"), the court adopts the Report and Recommendation [#50], ALLOWS Plaintiff Scott E. Pelkey's Motion for Remand to Consider New Evidence [#36] pursuant to 42 U.S.C. § 405(g) of the Social Security Act, and DENIES Defendant's Motion for Order Affirming the Decision of the Commissioner [#41], for the reasons set forth by the Magistrate Judge and below.

I.      Background

On May 23, 2017, Plaintiff sought disability insurance benefits and supplemental security income, alleging disability beginning December 31, 2015. Report & Recommendation 6 [#50] (citing Transcript of Proceedings ("Tr.") 130; Tr. 97-98, 125-26 [#17]). The Administrative Law Judge ("ALJ") concluded that Plaintiff's earning records showed that he had acquired sufficient quarters of coverage to be insured through June 30, 2021, and that the Plaintiff therefore needed to establish disability on or before that date in order to be entitled to disability insurance benefits. Tr. 131 [#17]. The ALJ concluded, however, that Plaintiff had not been under a disability from

December 31, 2015, through September 25, 2018, the date of the ALJ's decision. Report & Recommendation 7 [#50] (citing Tr. 144 [#17]). Following a final decision of the Commissioner denying his claims, Pelkey brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The court referred the pending motions to the Magistrate Judge for a Report and Recommendation.

II. Overview of Pelkey's Mental Impairment

The Commissioner raises no objections to the Magistrate Judge's overview of Pelkey's mental impairments, see Report & Recommendation 3-6 [#50], and the court adopts this overview in full.

Briefly, "[s]ince 2014, Pelkey has been diagnosed with a number of mental health conditions, including major depressive disorder, bipolar mood disorder, anxiety disorder, gender identity disorder, post-traumatic stress disorder ("PTSD"), Asperger's syndrome, narcissistic personality disorder and paranoia." Id. at 3-4 (citing Tr. 393, 485, 545-46, 645 [#17]). "Despite repeated attempts to obtain psychiatric care, the record demonstrates that Pelkey has failed to engage in any consistent mental health treatment and is resistant to medication." Id. at 4 (citing Tr. 73-75, 447, 583, 612, 615, 645-46, 650-52, 655-56, 671-72, 706, 719-20 [#17]). "The record suggests that Pelkey's mental health-related symptoms have intensified since 2014." Id.

III. Procedural History

The Commissioner raises no objections to the Magistrate Judge's: introduction; procedural history; recounting of the ALJ's decision, Pelkey's appeal of the ALJ's decision, and the events leading up to Plaintiff obtaining the newly proffered evidence; and the description of the new material from a psychiatrist, Vint Blackburn, M.D., (the "Blackburn Report"), see id. at 6-11, 13-15, and the court adopts these portions of the Report and Recommendation [#50] in full.

The Commissioner does object to the Magistrate Judge's report on the evidence from

Plaintiff's primary care physician, Martin Seltman, M.D. (the "Seltman Report"). Objection 3-4 [#51] (objecting to Report & Recommendation 13, 19 [#50]), and this objection is discussed below.

IV.   Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), the court "must determine *de novo* any part of the magistrate judge's disposition [of a dispositive motion] that has been properly objected to."

Sentence six of 42 U.S.C. § 405(g) of the Social Security Act provides, in pertinent part, that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." "[R]emand is appropriate only where the court determines that further evidence is necessary to develop the facts of the case fully, that such evidence is not cumulative, and that consideration of it is essential to a fair hearing." Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 126, 139 (1st Cir. 1987) (citation omitted). "[T]o qualify under the new/material standard, the discovered data must be meaningful—neither pleonastic nor irrelevant to the basis for the earlier decision." Id. at 139-40. Thus "remand is indicated only if, were the proposed new evidence to be considered, the Secretary's decision 'might reasonably have been different.'" Id. at 140 (quoting Falu v. Sec'y of Health and Human Servs., 703 F.2d 24, 27 (1st Cir. 1983)).

V.   The Reports Are New

As the Magistrate Judge concluded, the reports at issue are from March 20 and 22, 2019, and were therefore not contained within the administrative record at the time the ALJ rendered her decision on September 25, 2018. Report & Recommendation 16 [#50]. Moreover, the Reports did not consist of a reappraisal of the evidence already in the administrative record, but

contained new information from Pelkey's treating physicians. Id.

    VI.    The Reports Are Material

        A.  Dr. Blackburn's Report

The Commissioner argues that the Magistrate Judge erred because the court "must necessarily evaluate the newly-submitted evidence and compare it to the evidence of record before the ALJ." Objection 9 [#51]. However, the Magistrate Judge properly identified the ALJ's conclusions and the evidence on which they were based, set forth the new information offered by Dr. Blackburn, and properly determined that the new information might result in a different decision.

First, at Step 3, the ALJ rejected Pelkey's claimed diagnosis of Asperger's syndrome or any other autism spectrum disorder for lack of corroborating evidence in the record. Report & Recommendation 8 [#50]; see also id. at 17 (citing Tr. 133 [#17]). As the Magistrate Judge pointed out, Dr. Blackburn, a psychiatrist who evaluated Pelkey in April 2018 and March 2019 diagnosed Pelkey with autism spectrum disorder. Id. at 13 (citing Tr. 19, 24 [#17]).

Second, at Step 4, the ALJ concluded from the record that the identified impairments did not satisfy the applicable paragraph B criteria for depressive, bipolar and related disorders or for personality and impulse-control disorders, on the ground that while Pelkey "had marked limitation in his ability to interact with others," he had "only moderate limitation in the area of concentration, persistence or pace, and only mild limitation in his ability to adapt or manage himself and to understand, remember or apply information." Id. at 8 (citing Tr. 134-35 [#17]). The ALJ concluded further that Pelkey's mental impairments did not satisfy the paragraph C criteria in part because he had not engaged in consistent mental health treatment, and had shown the ability to adapt to changes in health, location, and residential status during the period in question. Id. at 9 (citing Tr. 136 [#17]). Answering a Psychiatric/Psychological Impairment

Questionnaire, Dr. Blackburn reported that Pelkey is <u>not</u> a malingerer, Tr. 19 [#17], but that he has "[d]eeply ingrained, maladaptive patterns of behavior," <u>id.</u> at 20, "extreme fight/flight response to stressful situations," <u>id.</u> at 21, and a marked inability to complete a workday without interruptions from psychological symptoms. <u>Id.</u> at 22. That evaluation is directly material to the ALJ's conclusions at Step 4 of only a mild limitation in Pelkey's ability to adapt or manage himself.[1]

The Commissioner complains that the Blackburn Report contains little more than check marks. Objection 7-8 [#51]. This is incorrect; while Dr. Blackburn marked degrees of limitations on a "none" to "marked" scale, he also identified the "signs and symptoms that support [his] diagnoses and assessment," and filled out an impairment questionnaire including dates of treatment, diagnoses, psychosocial factors, and other narrative responses. Report & Recommendation 17-18 [#50] (citing Tr. 22-25 [#17]).

The Commissioner also argues that the Blackburn Report is inconsistent with other material in the record. Objection 7 [#51]. But if the information was the same, it would be unnecessary and cumulative. <u>See</u> <u>Evangelista</u>, 826 F.2d at 140. Instead, the additional information supports, rather than undermines, the need for remand.

In sum, on *de novo* review, the court agrees with the Magistrate Judge that consideration of the Blackburn Report is necessary to develop the facts of the case fully, that such evidence is

---

[1] In light of Dr. Blackburn's evaluation, on remand the ALJ should consider whether Pelkey's inconsistent treatment and lack of compliance with treatment is a result of his mental disorder. <u>See</u> 20 C.F.R. § Pt. 404, Subpt. P, App. 1 ("Paragraph C criteria . . . If the evidence indicates that the inconsistent treatment or lack of compliance is a feature of your mental disorder, and it has led to an exacerbation of your symptoms and signs, we will not use it as evidence to support a finding that you have not received ongoing medical treatment as required by this paragraph.").

not cumulative, and that consideration of it is essential to a fair hearing.

### B. Dr. Seltman's Report

The Commissioner objects that Plaintiff has failed to show that Dr. Seltman's Report, dated March 20, 2019, is material. Objection 3-4 [#51]. The court finds that Dr. Seltman's Report would not be sufficient by itself to support a remand, but because Dr. Blackburn's Report necessitates remand, Dr. Seltman's Report is of sufficient materiality that it should also be considered by the ALJ.

As the Magistrate Judge explained, the Seltman Report consists of two sections. In the examination results section, Dr. Seltman noted, *inter alia*, that Plaintiff was suffering from a primary diagnosis of "major depression – longstanding" and that his assessment was based on a physical examination, review of medical records, and clinical history. Report & Recommendation 19 [#50] (citing Tr. 18 [#17]). The Commissioner objects that the "description of Plaintiff's diagnosis as 'longstanding' should not be deemed to convert a prospective opinion into a retrospective one." Objection 4 [#51]. But "longstanding" means "of long duration," and therefore includes a retrospective finding as to Plaintiff's primary diagnosis.

The Seltman Report also included an employability section, in which Dr. Seltman noted that Plaintiff "was currently disabled due to a temporary condition . . . and the disability temporarily precludes any gainful employment." Tr. 18 [#17]. Dr. Seltman identified March 20, 2019, as the date the temporary disability began. Report & Recommendation 19-20 [#50] (citing Tr. 18 [#17]). The Commissioner objects that the Seltman Report therefore is not material because it covers a period after the relevant period. Objection 3-4 [#51].

But, as the Magistrate Judge explained (and the Commissioner does not dispute), "under the Social Security regulations, 'chronic mental illness must be viewed longitudinally' for purposes of determining disability." Report & Recommendation 19 [#50] (quoting Rawls v.

6

Apfel, 998 F. Supp. 70, 77 (D. Mass. 1998)). The Report from Plaintiff's treating physician that Plaintiff's long-standing conditions preclude any current employment has bearing on that longitudinal evaluation. Moreover, while the ultimate issue of disability is reserved to the Commissioner, where the ALJ has discounted substantial evidence of Plaintiff's mental health problems (including repeated hospital admissions) in light of Plaintiff's refusal to engage in ongoing treatment, Plaintiff's own provider's view that he is currently disabled should be considered in evaluating whether Plaintiff's non-compliance is a result of his mental disorder.

### C. The "Crisis" Objection

The Commissioner notes the Magistrate Judge's recommended finding that Plaintiff reached out to these physicians "'in the context of his ongoing mental health struggles and related personal problems, following another crisis in what appears to have been a series of periodic mental health crises,'" Objection 11 [#51] (quoting Report & Recommendation 26 [#50]), but argues that this "crisis" works against Plaintiff because a "subsequent deterioration" is not material. Id. (quoting Rawls, 998 F. Supp. at 76).

As discussed below, the "crisis" provided the reason for the additional contact with the physicians that led to the Reports. The Commissioner's suggestion that the crisis amounted to a "subsequent deterioration" ignores the evidence in these Reports and in the record of Plaintiff's "ongoing mental health struggles" and "series of periodic mental health crises."

In sum, the court finds the Reports material for the reasons set forth in the Report and Recommendation [#50] and herein.

### VII. Good Cause

The Magistrate Judge found good cause for the additional evidence where the evidence did not exist before. The court agrees.

The Commissioner argues that Plaintiff should have obtained these Reports from his

treating physicians earlier, and therefore has failed to show good cause for his failure to present them earlier. Objection 10 [#51]. The Commissioner posits that perhaps Plaintiff's failure to obtain the records earlier was because Plaintiff believed that his case would be an easy one. Id.

The court could posit instead that Plaintiff did not obtain additional records from his treating physicians earlier because of his ongoing mental health struggles. Speculation either way is of little import, however, where the Reports were obtained from Plaintiff's treating physicians, without any suggestion of gamesmanship, following further medical examination of an individual with ongoing mental health issues.

VIII.   Conclusion

Accordingly, Plaintiff's Motion [#36] is GRANTED and Defendant's Motion [#41] is DENIED. The matter is remanded to the Social Security Administration pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of additional evidence consisting of (1) an employability assessment form that was completed by Plaintiff's primary care physician Martin Seltman, M.D., on March 20, 2019, and (2) a Psychiatric/Psychological Impairment Questionnaire and accompanying mental state examination report that were completed by psychiatrist Vint Blackburn, M.D., on March 22, 2019.

IT IS SO ORDERED.

/s/ Indira Talwani
Date: May 14, 2021                                                         United States District Judge